**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**TRENT D. SMITH** **CIVIL ACTION NO. 5:16-CV-00669**
**LA. DOC #321949**

**VS.** **SECTION P**

**JUDGE ELIZABETH E. FOOTE**

**KEITH DEVILLE** **MAGISTRATE JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Trent D. Smith, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on May 13, 2016. Petitioner attacks his July 23, 2012, conviction for second degree kidnapping and the twenty year sentence imposed on August 1, 2012, by the First Judicial District Court, Caddo Parish. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

***Background***

On September July 23, 2012, petitioner pled guilty to attempted second degree kidnapping, in violation of La. R.S. 14:44.1 and 14:27. [Rec. Doc. 1, p.1] He was sentenced on August 1, 2012 to twenty years at hard labor. *Id.* Petitioner appealed his sentence as excessive and the Second Circuit affirmed the conviction and sentence on June 26, 2013. [Rec. Doc. 10-1, pp. 7-17]; *see also State of Louisiana v. Trent D. Smith*, 48, 196 (La. App. 2 Cir. 6/26/13), 117 So.3d 1273. Petitioner did not appeal to the Louisiana Supreme Court. [Rec. Doc. 1, p.2] Accordingly, the judgment became final on July 26, 2013.

On March 25, 2014, petitioner filed an Motion to Enforce Plea Bargain and/or Post Conviction Relief in the First Judicial District Court arguing that the state breached its plea bargain and that his trial counsel was ineffective. [Rec. Doc. 1, p. 3] On May 6, 2014, the Court denied his Motion to Enforce Plea Bargain and/or Post Conviction Relief. [Rec. Doc. 1-3, pp. 3-4] On an unknown date, petitioner sought supervisory writs in the Second Circuit Court of Appeal, No. 49,458-Kh; application was denied on June 19, 2014. [Rec. Doc. 1-3, pp. 6] On July 7, 2014, he applied for supervisory and/or remedial writs in the Louisiana Supreme Court [Rec. Doc. 1-3, p. 18]; the Court denied same on May 22, 2015. [Rec. Doc. 1-3, p. 19]; *see also State ex el. Trent D. Smith v. State of Louisiana*, 170 So.3d 975, 2014-1482 (La. 5/22/15).

He filed the instant petition on May 13, 2016, arguing that the state breached its plea bargain and that his trial counsel was ineffective. [Rec. Doc. 1-2, p. 1.]

***Law and Analysis***

***1. Limitations***

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his sentence to the Second Circuit Court of Appeal. On June 26, 2013, his conviction and sentence were affirmed. *State of Louisiana v. Trent D. Smith*, 48, 196 (La. App. 2 Cir. 6/26/13), 117 So.3d 1273. He did not seek further direct review in the Louisiana Supreme Court. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following Second Circuit's June 26, 2013 ruling[2], or, on or about July 26, 2013. Under §2244(d)(1) petitioner had one year from that date, or until July 26, 2014, to file his federal *habeas* petition.

Petitioner was able to toll the AEDPA's limitations period when he filed his Application for Post-Conviction Relief in the District Court. However, he did not file his application until March

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Therefore, the limitations period should not be reckoned as provided in 28 U.S.C. § 2244(d)(1)(B) or (C).

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

25, 2014 [Rec. Doc. 1, p. 3], and by that time, a period of approximately 8 months of the 1-year limitations period had expired un-tolled and could not be revived by the otherwise timely filing of the application for post-conviction relief. Thereafter petitioner was able to toll limitations until May 22, 2015, when the Louisiana Supreme Court denied writs. *State ex el. Trent D. Smith v. State of Louisiana*, 170 So.3d 975, 2014-1482 (La. 5/22/15). However, petitioner then allowed almost a full year, 357 days, to elapse between the date the Supreme Court denied writs (May 22, 2015) and the date he filed the instant petition (May 13, 2016). In other words, the petition is clearly time-barred since approximately 8 months elapsed un-tolled between the date of finality of judgment and the date he filed his application for post-conviction relief and 357 days elapsed thereafter between the date the post-conviction proceedings were terminated and the date he filed his federal *habeas* petition.

***3. Equitable Tolling***

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case). Here, petitioner has alleged no circumstances to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

***Conclusion and Recommendation***

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 15, 2016.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**